# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LILLIE L. JACKSON,<br>    Appellant, | DOCKET NUMBER<br>DA-3443-14-0104-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>    Agency. | DATE: September 5, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lillie L. Jackson, Beaumont, Texas, pro se.

George Cho, Esquire, Grand Prairie, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her performance appraisal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant is employed with the agency's Federal Bureau of Prisons as a GS-11 Quality Assurance Specialist. Initial Appeal File (IAF), Tab 5 at 22. On November 24, 2013, she filed this appeal in which she contended that the agency retaliated against her for filing equal employment opportunity (EEO) complaints and for whistleblowing. IAF, Tab 1 at 5, Tab 8 at 4-5. In addition, she alleged that the agency discriminated against her based on her race, sex, and age. IAF, Tab 1 at 7, Tab 8 at 4. The gravamen of her claim is that she disagreed with a performance appraisal rating she received in April 2013.[2] IAF, Tab 1 at 5, 7, Tab 8 at 4. The appellant was given a rating of "Achieved Results" and she claimed that in over 16 years of service with the agency she never received a performance appraisal rating of less than "Exceeds." IAF, Tab 1 at 5. Further, she argued

---

[2] The appellant has made a variety of additional allegations related to her pay and the agency's assessment of her performance. IAF, Tab 1 at 5. However, because the exact nature of these allegations does not impact the outcome of this appeal, we do not detail them here. *See generally* 5 C.F.R. §§ 1201.2, 1201.3(a)-(b) (listing those matters over which the Board has jurisdiction).

that, by rating her on a performance measure that is not applicable to her position, her supervisor did not follow agency policy.  IAF, Tab 8 at 6.

¶3        The appellant did not request a hearing.  IAF, Tab 1 at 2.  The administrative judge issued an acknowledgment order and an order to show cause, which provided the appellant with information concerning her burden of proving jurisdiction.  IAF, Tab 2 at 2, Tab 6.  The orders indicated that the appellant must show that the matter being appealed was an "otherwise appealable action," and informed her that she did not appear to have been subjected to any personnel or adverse action over which the Board has jurisdiction.[3]  IAF, Tab 2 at 2, Tab 6 at 2.

¶4        The administrative judge's orders did not fully inform the appellant of what is required to establish an appealable jurisdictional issue under the Whistleblower Protection Enhancement Act (WPEA). IAF, Tabs 2, 6. The Board has held, however, that such a deficiency can be cured if the agency's pleadings contain the notice that was otherwise lacking, which would afford the appellant an opportunity to meet her jurisdictional burden.  *Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996).  We find that the agency's response on

---

[3]  Although the appellant alleged that the agency subjected her to "adverse personnel actions on a daily basis," the administrative judge did not provide specific information on what is required to establish jurisdiction over an adverse action claim under chapter 75 of Title 5.  IAF, Tab 1 at 5.  An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  However, in this instance, the administrative judge's omission of this information is harmless error because the appellant has not identified, either below or on petition for review, any adverse action that falls within the scope of chapter 75.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *see also* 5 U.S.C. § 7512(1)-(5) (listing actions covered by chapter 75).  Instead, the appellant has claimed that the adverse action is the performance evaluation that is discussed above.  Petition for Review (PFR) File, Tab 1 at 7 ("The AJ has . . . failed to identified [sic] and classify Appellant's downgraded performance evaluation as an adverse action, prohibited personnel practice.")

jurisdiction properly informed the appellant of her burden to prove jurisdiction under the WPEA. IAF, Tab 7 at 5-7.

¶5 After providing the parties with the opportunity to respond to the orders, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 4. The administrative judge found that although the appellant was unsatisfied with the performance rating of "Achieved Results," she had not been subjected to any personnel action over which the Board had jurisdiction and, in the event she was alleging that she was a whistleblower, she had not exhausted her remedies with the Office of Special Counsel (OSC). ID at 4.

¶6 The appellant has timely filed a petition for review. PFR File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 3-4.

The administrative judge correctly found that the Board lacks jurisdiction over the appeal.

¶7 The Board generally lacks jurisdiction over appeals from performance appraisal ratings. *Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010); *Wein v. Department of the Navy*, 37 M.S.P.R. 379, 381 (1988). Disagreement with a performance appraisal, unaccompanied by an otherwise appealable adverse action, is not independently appealable to the Board. *Manley v. Department of the Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996). However, the Board could have jurisdiction over such an appeal as an individual right of action (IRA) appeal alleging reprisal for whistleblowing. *Bambl*, 113 M.S.P.R. 55, ¶ 9. The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure as defined by 5 U.S.C. § 2302(a), (b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take

a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶8        An appellant has not exhausted her OSC remedy unless she filed a complaint with OSC and either OSC notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). In the instant case, the appellant had not filed a whistleblowing complaint with OSC at the time her appeal was dismissed. IAF, Tab 1 at 4. Therefore, we agree with the administrative judge that she did not exhaust her OSC remedy, and the Board lacked jurisdiction over her claim of reprisal for whistleblowing as an IRA appeal.

¶9        On review, the appellant asserts that the administrative judge incorrectly evaluated her whistleblower claim as an IRA appeal and that the administrative judge should have assessed her claim as an "otherwise appealable action." PFR File, Tab 1 at 5. The appellant is correct that an employee who alleges that she has been subjected to an action appealable to the Board and retaliated against for whistleblowing may elect to file an appeal to the Board under 5 U.S.C. § 7701. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013). However, as discussed earlier, dissatisfaction with a performance appraisal is generally not an appealable action. *See* 5 U.S.C. §§ 7512(1)-(5) (listing adverse actions appealable to the Board), 7513(d) (reflecting the right to appeal an adverse action to the Board). Therefore, we agree with the administrative judge that the Board does not have jurisdiction over the appellant's claim of reprisal for whistleblowing because she has not shown that she was subjected to an otherwise appealable action.

¶10       The appellant cites to statements from the Department of Justice's (DOJ's) website to support her allegation that her claim is directly appealable to the Board as a whistleblower appeal connected with an otherwise appealable action. PFR

File, Tab 1 at 5. However, the language cited indicates that an otherwise appealable action arises when an "individual is subject to a personnel action that is directly appealable to the Board."[4] *Id.* This language is consistent with the requirements of the WPEA discussed above and does not support the appellant's claim of Board jurisdiction.

¶11 Further, the Board has no jurisdiction over the appellant's claims that the agency discriminated against her based on race, sex, and age, and retaliated against her for her EEO activity. Allegations of discrimination do not provide the Board with an independent source of jurisdiction. *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶¶ 8-12 (2005); *see Perlmutter v. Department of the Air Force*, 41 M.S.P.R. 38, 39 (1989) (finding that the appellant failed to meet his burden of proof to establish Board jurisdiction over his performance rating and that the Board could not hear his discrimination complaint absent an otherwise appealable action).

¶12 The appellant alleges that she has filed a timely "mixed case" complaint with the agency's EEO office, thus complying with "Board timeframes." PFR File, Tab 4 at 5. A mixed case complaint is a complaint of employment discrimination filed with an agency relating to or stemming from an action that can be appealed to the Board. *Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶ 4 n.4 (2009); 29 C.F.R. § 1614.302(a)(1). However, the appellant's election to file an EEO complaint is not relevant to the jurisdictional issue in this instance because her complaint of discrimination does not relate to or stem from an action appealable to the Board. Therefore, her claim is not a mixed appeal because a

---

[4] Even if DOJ's website included statements expanding the scope of the Board's jurisdiction, the Board would not be bound by it because the Board's jurisdiction is limited to those areas over which it has been given jurisdiction by statute or regulation, and the parties to an appeal cannot expand that jurisdiction. *Caple v. U.S. Postal Service*, 52 M.S.P.R. 262, 266 n.4 (1992), *modified holding by Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332 (1995).

mixed appeal involves both an appealable matter and a claim of discrimination. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1118 (Fed. Cir. 2013) (citing 5 U.S.C. § 7702(a)(1)). Because the appellant has not shown that she suffered any appealable action, the Board does not have jurisdiction over this claim as a mixed appeal. *See King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995) (the Board can decide an issue of discrimination only when it is the basis of an agency action that is appealable to the Board).

¶13    On review, the appellant seeks to submit new evidence into the record including her alleged whistleblowing statement to the assistant director, her various performance based awards, and materials regarding whistleblowing not specific to her claims. PFR File, Tab 1 at 15-30. The Board will consider new and material evidence submitted with a petition for review only if it was unavailable before the record was closed despite the party's due diligence. 5 C.F.R. § 1201.115(d). The Board will not consider new evidence where an appellant fails to explain why it was unavailable before the record closed. *See Winkelvoss v. Office of Personnel Management*, 19 M.S.P.R. 585, 588 (1984). In the instant case, the appellant does not state that the new evidence was unavailable before the record closed. Moreover, this evidence is not material because it does not show that the appellant suffered any appealable action. Evidence is material if it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Therefore, because the appellant has not shown that the new evidence was unavailable before the record closed, and the evidence is not material, we decline to consider it.

¶14    The appellant also submits with her petition for review an email acknowledgment from OSC of her filed complaint dated March 10, 2014, which is 2 months after the issuance of the initial decision. PFR File, Tab 4 at 10. The Board's practice is to adjudicate an appeal that was premature when it was filed

but becomes ripe while pending with the Board.  *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010).  Because 120 calendar days have passed since the appellant first sought corrective action with OSC, she has exhausted her administrative remedies and the Board now has jurisdiction to adjudicate her IRA appeal.  *Id.*  We therefore FORWARD the case to the regional office for adjudication.  However, we find no reason to disturb the administrative judge's initial decision in this appeal and therefore deny the petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.