# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WANDA F. BRUMFIELD,
        Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,
        Agency.

DOCKET NUMBER
AT-3443-16-0093-I-1

DATE: April 15, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wanda F. Brumfield, Wesley Chapel, Florida, pro se.

Jerome M. Albanese and Melanie N. Williams, Atlanta, Georgia, for
    the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On October 31, 2015, the appellant filed a Board appeal in which she indicated that she was appealing a reduction in grade or pay and her "promotion, performance assessment." Initial Appeal File (IAF), Tab 1 at 3. In subsequent pleadings, she further asserted that the agency had discriminated against her on the bases of her race and disability, denied her a reasonable accommodation, and improperly considered her absences due to her disability when it rated her successful instead of outstanding on her fiscal year 2015 performance assessment. IAF, Tab 9 at 9, Tab 10 at 4. She also claimed that the agency reduced her pay and demoted her by charging her leave for each occasion she left her cubical as a result of symptoms related to her disability, except for her lunch and break periods.[2] IAF, Tab 9 at 11‑12.

The agency moved to dismiss the appeal for lack of jurisdiction, asserting that the appellant had not alleged that she suffered an appealable action. IAF,

---

[2] Such an argument appears to relate to the agency's decision regarding the appellant's request for reasonable accommodation in which it granted her liberal leave during the day if her medical condition required excessive time off the phone. IAF, Tab 13 at 27.

Tab 8. The administrative judge issued an order to show cause in which she informed the appellant of her burden of establishing Board jurisdiction and ordered the appellant to file evidence and argument to show that the appeal was within the Board's jurisdiction. IAF, Tab 12. In response, the appellant asserted that the agency committed prohibited personnel practices, referenced regulations concerning an employment practices appeal, and submitted various documents concerning her discrimination complaint and leave usage. IAF, Tabs 13‑14.

¶4      Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 15, Tab Initial Decision (ID). The administrative judge found that the appellant had failed to nonfrivolously allege that the agency reduced her rate of pay for her position as a Teleservice Representative and that her other claims did not confer Board jurisdiction. ID at 3. The administrative judge also found that, to the extent the appellant was attempting to bring an employment practices appeal, there was no indication that either she had sought a promotion in the competitive service or was an applicant who believed that an employment practice applied to her by the Office of Personnel Management violated a basic requirement in 5 C.F.R. § 300.103. ID at 3‑4.

¶5      The appellant has filed a petition for review in which she reiterates the arguments she raised below[3] and contends that the Board has jurisdiction over her

_____

[3] On review, as below, the appellant cites generally to the regulations concerning an employment practices appeal, but does not identify any particular employment practice she contends violated a basic requirement in 5 C.F.R. § 300.103. IAF, Tab 13 at 8-9; Petition for Review (PFR) File, Tab 1 at 13-14. Thus, we agree with the administrative judge that the appellant has not made a nonfrivolous allegation of Board jurisdiction over an employment practices appeal. ID at 3-4. Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, however, the appellant's vague assertions below regarding an employment practices claim did not trigger a duty on the part of the administrative judge to provide her with her burden of proof over this claim. IAF, Tab 13 at 8-9. Even if the administrative judge improperly failed to provide such notice, any error did not

discrimination claims because her appeal is a mixed-case appeal.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.[4] PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect.  *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).  The appellant bears the burden of proving by preponderant evidence[5] that her appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Having considered the appellant's submissions below and on review, we agree with the administrative judge that the appellant has not raised any claim that would be within the Board's authority to address.  ID at 4.

¶7      The Board generally has jurisdiction to review an appeal of a reduction in grade or pay.  *Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 5 (2014); *see* 5 U.S.C. § 7512(3)-(4).  The term grade is defined as "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3).  Pay means "the rate of basic pay fixed by law or

---

prejudice the appellant's substantive rights because the appellant's pleadings demonstrate that she is aware of the jurisdictional prerequisites.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] Although the agency's response was due on January 17, 2016, PFR File, Tab 2, the deadline was extended until January 19, 2016, because January 17, 2016, was a Sunday and January 18, 2016, was a Federal holiday, *see* 5 C.F.R. § 1201.23.  Accordingly, we find the agency's response was timely filed and we deny the appellant's motion to dismiss the agency's response as untimely filed.  PFR File, Tab 4.

[5] A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue."  5 C.F.R. § 1201.4(q).

administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). As the administrative judge found, the appellant's assertion that the agency required her to take leave when not in her work area does not constitute a nonfrivolous allegation that the agency reduced her rate of basic pay or that she otherwise suffered an appealable reduction in pay or grade. ID at 3.

¶8  Similarly, the administrative judge properly found that the Board lacks jurisdiction over the appellant's disagreement with her 2015 performance rating. *See Manley v. Department of the Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996) (finding that disagreement with a performance appraisal, unaccompanied by an otherwise appealable adverse action, is not independently appealable to the Board); *Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010) (stating that the Board lacks jurisdiction over appeals of performance appraisal ratings except when raised in the context of either an individual right of action appeal or Uniformed Services Employment and Reemployment Rights Act appeal).

¶9  On review, the appellant contends that the Board has jurisdiction over her case as a mixed-case appeal. PFR File, Tab 1 at 4-5. A mixed case is one in which an employee alleges that an action otherwise appealable to the Board was based in whole or in part on prohibited discrimination, which is a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *See* 5 C.F.R. § 1201.151. As explained above, the appellant failed to establish that she suffered an action appealable to the Board. Absent an otherwise appealable action, the Board cannot consider a prohibited personnel practice claim of discrimination in violation of title VII of the Civil Rights Act of 1964. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶10  Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.