Nancy J. MANLEY, Petitioner,

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

No. 95–3816.

United States Court of Appeals, Federal Circuit.

July 23, 1996.

Richard A. Salzman, Kator, Scott & Heller, Washington, D.C., argued for petitioner. With him on the brief was Douglas B. Huron.

Larry E. Funk, Trial Attorney, General Litigation Division, Air Force Legal Services Agency, Arlington, Virginia, argued for respondent. Of counsel were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Joseph A. Kijewski, Assistant Director, and Virginia K. DeMarchi, At-

torney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C.

Before RICH, NEWMAN, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Nancy Manley requests review of the final decision of the Merit Systems Protection Board, 68 M.S.P.R. 485 (1995), dismissing her petition for enforcement for lack of subject matter jurisdiction. Because the Board erred in determining that it lacked jurisdiction to consider Ms. Manley's petition, we reverse that decision and remand the petition to the Board.

## BACKGROUND

Following an unfavorable performance evaluation dated July 30, 1993, Nancy Manley was demoted from her position as GM–14 Chief of the Pollution Prevention Division at Warner Robins Air Force Base, to a GS–11 position as an Industrial Engineering Technician. The basis of the demotion was the charge of reckless disregard of her duties, the agency stating that she had failed to respond to information about a potentially hazardous waste disposal practice, allegedly provided to her by a subordinate. Ms. Manley filed a grievance challenging the performance evaluation, and also appealed the agency's action to the MSPB. The grievance proceedings were stayed during the MSPB appeal. Following a hearing, the administrative judge found that Ms. Manley "did not recklessly disregard the duties of her position" and reversed the agency's action. The administrative judge based his decision in part on finding that the testimony of the subordinate was "not credible."

The agency filed a petition for review with the full Board, seeking to overturn the administrative judge's decision. However, before the Board acted the agency withdrew the petition pursuant to a Settlement Agreement in which Ms. Manley agreed to accept restoration of the GM–14 grade, but for the position of Supervisory General Engineer in the Civil Engineering Squadron, instead of her previous position as Chief of the Pollu-

tion Prevention Division. The Settlement Agreement further provided:

The execution of this agreement is not meant to and does not affect the ability of the appellant to contest her 1993 evaluation in a proper forum, claim entitlement for attorney's fees in connection with her appeal to the Merit Systems Protection Board, move for compliance with the Board's final decision with respect to any aspect of the Board's order other than the agreement regarding appellant's assignment, as set forth in paragraph 2 of this agreement,....

The full Board entered the Settlement Agreement into the record for enforcement purposes and dismissed the petition for review.

The grievance proceedings were then reopened, Ms. Manley seeking an increased evaluation rating. The agency denied Ms. Manley's grievance in November 1994. She then filed a petition for enforcement of the Settlement Agreement with the MSPB, asserting that the agency improperly refused to change the unsatisfactory performance ratings ("below" or "far below" fully successful) even though they were based upon the alleged misconduct not sustained by the administrative judge.

The 1993 performance evaluation had rated Ms. Manley's overall performance as "unacceptable" based upon unsatisfactory ratings in five of the seven elements. In considering Ms. Manley's petition for enforcement, the administrative judge found that the narrative statements for three of the five unsatisfactory ratings mentioned the unsustained charges. Relying on *Normoyle v. Department of the Air Force*, 63 M.S.P.R. 391 (1994), the administrative judge held that these ratings could not stand, and recommended that the agency rate Ms. Manley at the "exceeded" fully successful level for these three elements because she received those ratings on her 1992 performance evaluation. However, the administrative judge found that Ms. Manley's "overall performance was unsatisfactory for reasons unrelated to the adverse action," and held that her "rating on all of the

other elements, as well as her overall [unacceptable] rating, need not be changed."

Both the agency and Ms. Manley appealed the administrative judge's rulings to the full Board. The agency argued that the agency was in compliance with the Settlement Agreement. Ms. Manley sought adoption of the administrative judge's recommendation with respect to the three elements, and argued that her overall performance rating should be changed from "unacceptable."

The agency did not question the Board's jurisdiction of Ms. Manley's petition for enforcement. However, *sua sponte,* the full Board ruled that it lacked jurisdiction of the petition. The Board held that the settlement agreement "did not provide [Ms. Manley] any enforceable rights with respect to the performance appraisal." The Board further held that because disagreement with a performance appraisal is not independently appealable to the Board, it had no jurisdiction of the petition for enforcement. The Board dismissed the petition for enforcement without consideration of the appeals from the decision of the administrative judge. This appeal followed.

## DISCUSSION

■ Our review of a jurisdictional ruling is plenary, *King v. Reid,* 59 F.3d 1215, 1217 (Fed.Cir.1995), for jurisdiction is a matter of law.

### A

■ The Board correctly held that disagreement with a performance evaluation, unaccompanied by an otherwise appealable adverse action, is not independently appealable to the Board. *See* 5 U.S.C. § 7512. However, when the issue is compliance with a settlement agreement, compliance review is not limited to those aspects of the settlement for which an independent appeal is available. 5 U.S.C. § 1204(a)(2); *Holmes v. Department of Veterans Affairs,* 58 F.3d 628 (Fed.Cir.1995) (Board has jurisdiction to enforce compliance with settlement agreement requiring agency to provide neutral reference to prospective employers, a matter not independently appealable to the Board); *Perry v.*

*Department of the Army,* 992 F.2d 1575 (Fed.Cir.1993) (Board has enforcement authority over settlement agreement providing priority consideration for a job even though the right to such consideration is not an independent basis for Board review); *Normoyle,* 63 M.S.P.R. 391 (Board has authority to consider whether performance appraisal must be changed to comply with settlement agreement).

■ The Board, in denying jurisdiction, stated that "the parties did not enter into an enforceable agreement concerning the appellant's performance appraisal." Indeed, the Settlement Agreement does not explicitly mention the performance appraisal. However, the Settlement Agreement provided that Ms. Manley may "move for compliance with the Board's final decision with respect to any aspect of the Board's order other than the agreement regarding appellant's assignment." Thus the Settlement Agreement, in its reference to the Board's order, incorporates the administrative judge's finding that Ms. Manley "did not recklessly disregard the duties of her position," the administrative judge then holding that this finding rendered the adverse action unsustainable.

Ms. Manley states that because the Settlement Agreement was premised on the administrative judge's decision that the demotion was unwarranted, the agency was required, in resolving her grievance, to return her performance evaluation to that which would have prevailed in the absence of the misconduct of which she was vindicated. Precedent is in her favor. *See Greco v. Department of the Army,* 852 F.2d 558, 561 (Fed.Cir.1988) (a removal cancellation requires "as far as possible, a return to the status quo ante"); *Normoyle,* 63 M.S.P.R. at 393–94 ("An agency is required, when a Board decision overturns a removal, to return the employee as nearly as possible to the status quo ante."). The agency's refusal to adjust the performance evaluation to remove adverse appraisals that had been based on allegations not sustained by the Board is inimical to a return to the status quo ante. Thus, compliance with the Settlement Agreement requires that any mention of the unsustained charges, and any ratings

based on those charges, be expunged from Ms. Manley's 1993 performance evaluation. The Board has jurisdiction to require compliance with the settlement, and thus has jurisdiction to determine whether the settlement has been complied with. *Perry*, 992 F.2d at 1577 ("If the MSPB approves the settlement agreement and makes it part of the record, the MSPB 'retain[s] jurisdiction to ensure compliance with the agreement.' ") (citation omitted).

### B

■ The provision in the Settlement Agreement stating that Ms. Manley "could contest her 1993 performance evaluation in a proper forum" does not defeat Board jurisdiction of the issue of compliance with the Settlement Agreement. Ms. Manley explains, and the agency agrees, that this provision was included in the Agreement in recognition of the previously filed and stayed grievance proceeding. That recognition does not bar Ms. Manley from challenging the agency's compliance with the Settlement Agreement based on her charge that the agency's grievance decision did not comport with the Board's decision.

### C

■ Nor does the August 1, 1994 joint letter deprive the Board of jurisdiction of the enforcement petition. Indeed, the letter reinforces the contrary conclusion. The letter from both parties, addressed to the MSPB and written after the settlement agreement, lists four issues that "the Board will retain enforcement authority over." Included is "the removal of records from any official files referencing appellant's demotion or her proposed removal." Ms. Manley's performance evaluation and the ensuing records of demotion are within the scope of this item.

### D

The Board did not consider Ms. Manley's argument that the Settlement Agreement was subverted by the agency's handling of her grievance. The Settlement Agreement provides the Board with jurisdiction of issues of compliance with the Agreement, whether or not such issues would otherwise be appealable. The Agreement requires that Ms. Manley's 1993 performance evaluation be free of any taint of the unsustained charges. Thus, the Board erred in declining to exercise jurisdiction of the petition for compliance. We reverse that decision, and remand to the Board for review of the appeals of both parties on the merits of the administrative judge's decision.

*REVERSED AND REMANDED*