Gwendolyn B. POOLE, Petitioner,

v.

GENERAL ACCOUNTING OFFICE, Respondent.

No. 00–6003.

United States Court of Appeals, Federal Circuit.

Feb. 21, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Gwendolyn B. Poole appeals from the final decision of the United States General Accounting Office Personnel Appeals Board upholding her removal from employment by the General Accounting Office ("the agency") for unsatisfactory performance. *Poole v. Gen. Accounting Office*, No. 98–01 (G.A.O.P.A.B. Mar. 17, 2000) (final order) (*"Poole II"*). Because the Board properly sustained her removal, we *affirm*.

## DISCUSSION

Ms. Poole was employed as a Band II evaluator in the agency's Financial Institutions and Market Issues ("FIMI") group. *Poole v. Gen. Accounting Office*, No. 98–01, slip op. at 1 (G.A.O.P.A.B. June 30, 1999) (initial decision) (*"Poole I"*). Her position primarily entailed gathering data on activities in the banking, securities, and insurance fields that were incorporated into reports that FIMI provided to Congress. In May 1997, Poole received a performance appraisal with unsatisfactory ratings in all but one of the critical job elements for her position. *Id.* As a result, she was placed in a ninety-day performance improvement opportunity period ("the *opportunity period*") effective June 10, 1997. *Id.* at 1–2. In September 1997, Poole received a performance evaluation for her work during the opportunity period with an unsatisfactory rating in four of the seven critical job elements. *Id.* at 2. As a result, the agency issued a notice of proposed removal dated September 26, 1997, which became final on January 16, 1998. *Id.* Poole was permitted, however, to resign from the agency under a "discontinued service retirement" pursuant to GAO Order 2432.1. *Id.*

Poole appealed her removal to the Personnel Appeals Board Office of General Counsel, which, after conducting an investigation, issued her a "Right to Appeal Letter." *Id.* Thereafter, Poole filed a petition for review by the Board. She alleged that her performance evaluations were inaccurate, and that the agency's decisions to place her in the opportunity period and subsequently remove her were arbitrary and based on unsubstantiated evidence. *Id.* at 17. The Administrative Judge ("AJ") determined that Poole was properly removed from service because she was afforded the requisite opportunity to demonstrate improved performance during the opportunity period and failed to do so. *Id.* at 49. The full Board affirmed the initial decision of the AJ. *Poole II*, slip op. at 4. Poole timely appealed to this court. We have jurisdiction pursuant to 31 U.S.C. § 755(a) (1994).

■ The scope of our review in an appeal from a decision of the Board is limited. We may only set aside a final Board decision if it is: "(1) arbitrary and capricious, an abuse of discretion, or otherwise not consistent with law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence." *Id.* The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 31 U.S.C. § 753(a) (1994); 4 C.F.R. § 28.2(b) (2000). The scope of the Board's jurisdiction is a question of law that we review *de novo. Bolton v. MSPB,* 154 F.3d 1313, 1316 (Fed.Cir. 1998).

On appeal, Poole argues, *inter alia,* that the agency erroneously removed her from employment and that the Board erred in sustaining the agency's removal action. She alleges that her performance evaluations were based on a flawed analysis of her work product. Poole further contends that the Board erred in concluding that she did not present an appealable issue with her claims that the May 1997 performance evaluation was inaccurate and that the agency's decision to place her in the opportunity period based on that evaluation was arbitrary and capricious.

■ We agree with the Board that the agency properly removed Poole based on her poor performance rating during the opportunity period. In order to remove an employee under 5 U.S.C. § 4303 (1994), an agency must prove that the employee: (1) was rated below the acceptable level in at least one critical job element; (2) was given a meaningful opportunity to improve after receiving proper notice of the deficiency; and (3) received an unacceptable rating for at least one critical job element during the opportunity period. *Lovshin v. Dep't of the Navy,* 767 F.2d 826, 834 (Fed. Cir.1985) (en banc). The Board found that the agency satisfied these requirements by affording Poole an opportunity period after she received unsatisfactory ratings in the May 1997 performance appraisal, and by removing her only after the September 1997 performance evaluation indicated that her work during the opportunity period was unacceptable. As to the propriety of the September 1997 performance evaluation, the Board conducted an exhaustive review of Poole's work during the opportunity period and determined that the ratings she received were fair and accurate. The Board specifically found that Poole refused to apply standards and methodologies that were repeatedly and clearly explained by her supervisors, and that she incorrectly characterized data on numerous occasions. *Poole I* at 36–37. The Board also found that she frequently refused to engage in dialogue during feedback sessions, and often resorted to rude and unproductive comments. *Id.* at 46. We therefore conclude that substantial evidence supports the Board's finding that the agency properly removed Poole based on her unacceptable performance rating for the opportunity period.

■ Regarding Poole's argument that the Board erred by refusing to adjudicate her claim that her May 1997 performance appraisal was inaccurate, we conclude that any error that may have been committed by the Board was harmless. The AJ correctly pointed out that a claim that an agency's performance evaluation was inaccurate, absent allegations of a prohibited personnel practice, does not raise an appealable issue. *See Manley v. Dep't of the Air Force,* 91 F.3d 117, 119 (Fed.Cir.1996) ("[A] disagreement with a performance evaluation, unaccompanied by an otherwise appealable adverse action [under 31 U.S.C. § 753(a)], is not independently appealable to the Board...."). To the extent that the May 1997 performance evaluation was not connected to her removal, there was no

separately appealable action. However, the unacceptable ratings Poole received in her May 1997 performance evaluation were a prerequisite to her removal because they triggered her placement into the opportunity period. *Lovshin* at 834. Without having afforded her the chance to improve her work during the opportunity period, the agency could not have removed Poole based on her September 1997 evaluation. *Id.* Therefore, because the unacceptable ratings Poole received in her May 1997 performance evaluation indirectly led to her removal, evidence concerning the work upon which those ratings were based must be considered.

In the present case, the AJ did allow Poole to present evidence to support her assertion that the ratings she received in her May 1997 performance evaluation were inaccurate. The AJ noted that under GAO Order 2431.1, Poole could present evidence from the one-year period prior to the date of the notice of removal, *i.e.,* September 26, 1997. This period encompassed the six-month period of work upon which the May 1997 performance evaluation was based. Therefore, although the AJ did not directly review the May 1997 performance evaluation, the AJ did consider evidence presented by Poole concerning the events that led up to that appraisal. Accordingly, we conclude that substantial evidence supports the Board's finding that the agency properly removed Poole based on her unacceptable performance.

We have considered Poole's remaining arguments and have determined that they are without merit.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law, we affirm.