**Kenneth J. YATES, Petitioner,**

v.

**SOCIAL SECURITY
ADMINISTRATION,
Respondent.**

No. 01–3303.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2001.

Before SCHALL, Circuit Judge,
ARCHER, Senior Circuit Judge, and
BRYSON, Circuit Judge.

### DECISION

PER CURIAM.

Kenneth J. Yates petitions for review of the final decision of the Merit Systems Protection Board ("Board"), No. PH–0752–00–0314–I–1, that dismissed his appeal as settled. We *affirm.*

### DISCUSSION

#### I.

Mr. Yates was employed by the Social Security Administration ("agency") as a Claims Clerk, GS–5. After the agency removed him from his position for misconduct, he appealed to the Board. On August 15, 2000, the appeal was dismissed without prejudice in order to give the parties an opportunity to pursue settlement. On October 30, 2000, after Mr. Yates had refiled his appeal, the parties entered into a settlement agreement that was made a part of the record of the Board. Under the terms of the settlement agreement, Mr. Yates agreed to withdraw his appeal and to resign from the agency. On October 31, in accordance with the settlement agreement, the appeal was dismissed.

Notwithstanding the fact that he had settled his case, Mr. Yates petitioned the Board for review. The petition for review was denied on June 11, 2001. This appeal followed.

#### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703; *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

The final decision of the Board that is before us is that which dismissed Mr. Yates's appeal as settled. The merits of the agency's removal action have not been adjudicated by the Board and are not before us. In order for Mr. Yates to have the Board hear any challenge to his removal and then appeal to us any resulting decision of the Board with which he is not satisfied, he must have his settlement agreement overturned.

"It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.,* 229 F.3d 1088, 1091 (Fed.Cir.2000). On appeal, Mr. Yates does not advance any reason why the settlement agreement in his case should be overturned. He does not argue that the Board incorrectly decided the facts of his case or that it applied the wrong law or failed to consider important grounds for relief. Rather, he asks that he be given "one last chance." As noted above, howev-

er, the merits of Mr. Yates's removal are not before us. For that reason, and since Mr. Yates has not presented any argument relating to the settlement agreement, we are not in a position to grant him any relief. Accordingly, the final decision of the Board must be affirmed.[1]

No costs.

---

1. In an addendum to his brief, Mr. Yates states that the Standard Form 50 formally notifying him of his separation from the agency contains statements that violate the settlement agreement. Since the settlement agreement was made a part of the Board record, the Board retains jurisdiction over it for purposes of enforcement. *See Manley v. Dep't of Air Force,* 91 F.3d 117 (Fed.Cir.1996). If Mr. Yates believes that the agency has breached the settlement agreement—a matter on which we express no view—he may bring a petition for enforcement before the Board.