NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1662

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-21-0137-I-1.

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to the court's order to show cause, the Merit Systems Protection Board ("Board") moves to summarily affirm. Charles Dereck Adams opposes.

This court previously affirmed Mr. Adams' removal from the Department of Defense more than a decade ago after his security clearance was revoked. *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012). He subsequently filed this appeal at the Board arguing that the agency had discriminated against him in issuing a

performance appraisal while he worked at the Department of Defense.  The Board dismissed the appeal for lack of jurisdiction.  Because Mr. Adams alleged discrimination before the Board and he expressed an interest in pursuing those allegations on appeal of that dismissal, we directed the parties to address our jurisdiction.

Under 28 U.S.C. § 1295(a)(9), this court has jurisdiction to review a final order or final decision of the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702." 5 U.S.C. § 7703(b)(1)(A), (b)(2).  Although under *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431–32 (2017), we must ordinarily transfer so-called mixed cases to federal district court even when the Board dismisses for lack of jurisdiction, such cases must involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination."  5 U.S.C. § 7702(a)(1); *see Perry*, 582 U.S. at 431.

This is not such a mixed case because Mr. Adams did not raise a non-frivolous allegation that he was subjected to an action appealable to the Board.  Under long-standing precedent, "disagreement with a performance evaluation, unaccompanied by an otherwise appealable adverse action, is not independently appealable to the Board," *Manley v. Dep't of Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996) (citing 5 U.S.C. § 7512), and Mr. Adams has failed to provide any cognizable basis to distinguish his case.  To the extent that Mr. Adams contends review of the evaluation can be tethered to his alleged "wrongful and discriminatory revocation of [his security] clearances," ECF No. 14 at 1 (emphasis omitted), we must reject that argument.  As we recently explained to Mr. Adams, the Board also lacks jurisdiction to review the manner in which the security clearance revocation proceeding was conducted.  *Adams v. Merit Sys. Prot. Bd.*, Nos. 2023-1212 et al., 2023 WL 3493689, at *1 (Fed. Cir. May 17, 2023).

ADAMS v. MSPB                                                    3

We agree with the government that it further follows that summary affirmance is appropriate here since there is no non-frivolous basis for the assertion of Board jurisdiction. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (finding summary affirmance appropriate where "no substantial question regarding the outcome of the appeal exists." (citation omitted)); *Manley*, 91 F.3d at 119; *Adams*, 2023 WL 3493689, at *1.*

Accordingly,

IT IS ORDERED THAT:

(1)  The decision of the Board is summarily affirmed.

(2)  Any pending motions are denied as moot.

(3)  Each side shall bear its own costs.

                                    FOR THE COURT

October 3, 2023                     /s/ Jarrett B. Perlow
        Date                        Jarrett B. Perlow
                                    Clerk of Court

---

*    For the same reasons, even if this were a mixed case where we lacked jurisdiction, transfer under 28 U.S.C. § 1631 to a district court would not be "in the interest of justice."