## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOBY MATHEW,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
DA-0752-17-0275-I-2

DATE: April 29, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Peter Broida</u>, Esquire, Arlington, Virginia, for the appellant.

<u>Alfred E. Steinmetz</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as moot based on the administrative judge's finding that the agency had completely rescinded the removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The agency removed the appellant from his position as Director of its Shreveport, Louisiana Veterans Affairs Medical Center (VAMC) based on 4 specifications of conduct unbecoming an agency senior leader, 13 specifications of failure to provide effective oversight, and 1 specification of failure to follow policy, effective April 13, 2017. *Mathew v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0275-I-1, Initial Appeal File (IAF), Tab 7 at 28-40, 100-07. The appellant timely appealed his removal to the Board and requested a hearing. IAF, Tab 1. During the proceedings below, the agency informed the administrative judge that it had rescinded the removal action and requested a period of time to provide the appellant with status quo ante relief, to which the appellant did not object. *Mathew v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0275-I-2, Appeal File (AF), Tab 4 at 1-2. Accordingly, the administrative judge granted the agency a period of approximately 1 month to restore the appellant to the status quo ante. *Id.* at 2.

Shortly after the 1-month period ended, the appellant moved for a protective order to protect him against the agency's alleged harassment and for an order to reinstate him to a permanent position within the agency. AF, Tabs 7-8. Specifically, the appellant alleged that the agency harassed him when an agency official told a reporter that the agency "had to take back" the appellant "as a result of a flawed and outdated civil service personnel system that makes it difficult to remove employees for legitimate reasons." AF, Tab 7 at 4-6. The administrative judge docketed a separate protective order proceeding and denied the appellant's motion, finding that the appellant failed to show that the statements rose to the level of harassment or were the proximate cause of negative, and sometimes threatening, online comments in response to the

published article.  *Mathew v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0275-D-1, Protective Order File, Tab 15 at 4-6.

The administrative judge then afforded the parties an opportunity to show cause as to why the removal appeal should not be dismissed as moot.  AF, Tab 16 at 3-4.  The appellant responded, arguing that the appeal should not be dismissed as moot because (1) the agency subjected him to a hostile work environment when the agency official made disparaging comments to a reporter; (2) the agency failed to remove a July 25, 2016 letter of reprimand from the appellant's Official Personnel File which the agency had relied on in the removal action; (3) the appellant was detailed to another position instead of performing his position of record; and (4) his 2017 performance appraisal contained references to his removal and his appeal.[2]  AF, Tab 17; Tab 21 at 3, 10.  The agency responded, arguing that the appeal should be dismissed as moot.  AF, Tab 18.

The administrative judge issued an initial decision, finding the appeal to be moot and dismissing it for lack of jurisdiction.  AF, Tab 25, Initial Decision (ID). First, the administrative judge found that the appellant had not made a nonfrivolous allegation that the agency subjected him to a hostile work environment.  ID at 4-6.  Next, he found that the agency was not required to remove the July 2016 letter of reprimand from the appellant's official personnel file, and this was not relief the Board could have ordered had the appellant prevailed in his appeal.  ID at 6-7.  Then, the administrative judge found that the appellant's detail upon reinstatement was appropriate, finding that the agency had a strong overriding interest not to reinstate the appellant to his former position, and noting that the appellant had agreed to the detail, and the agency has the authority to liberally reassign members of the Senior Executive Service. ID at 7-9.  Finally, the administrative judge determined that the appellant's

---

[2] Originally, the appellant argued that the appeal was not moot because he had yet to receive a 2017 performance appraisal.  AF, Tab 17 at 12.  However, subsequent to the closing of the record, the appellant received his 2017 performance appraisal.  AF, Tab 21.

2017 performance appraisal did not evaluate him based on the charges and allegations in the removal action. ID at 10-12. Accordingly, the administrative judge found that the appellant had received full status quo ante relief. ID at 12-13.

The appellant has timely filed a petition for review in which he argues that his appeal is not moot based largely on the reasons he asserted below and requests that the Board remand his appeal for the administrative judge to rule on his request for a protective order. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition, and the appellant has filed a reply to the agency's opposition. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board. *Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 6 (2005). An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed. *Id.*; *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 5 (2004). Thus, the Board may dismiss an appeal as moot if the appealable action is canceled or rescinded by the agency. *Harris*, 96 M.S.P.R. 193, ¶ 5. However, an appeal may not be dismissed as moot until the agency provides acceptable evidence showing that it has actually afforded the appellant all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Haskins v. Department of the Navy*, 106 M.S.P.R. 616, ¶ 22 (2007). If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *See id.*, ¶ 15; *see Tyrrell v. Department of Veterans Affairs*, 60 M.S.P.R. 276, 279 (1994).

**The agency did not return the appellant to the status quo ante because his 2017 performance appraisal contains references to the underlying basis of the removal action.**

On review, the appellant renews his argument that the appeal is not moot because the agency failed to provide him with a 2017 performance rating that is permanent and the narrative in his performance review references the events underlying his rescinded removal. PFR File, Tab 1 at 14-18. In its response to the petition for review, the agency provides an updated performance rating, contends that the appellant delayed the agency's efforts to make the rating permanent, and argues that the performance appraisal does not refer to the allegations and charges contained in the rescinded removal. PFR File, Tab 3 at 9-10, 14-22.

An employee who has been given improperly lowered performance element ratings upon his restoration has not been restored to the status quo ante. *Normoyle v. Department of the Air Force*, 63 M.S.P.R. 391, 394 (1994). In order to restore an employee to the status quo ante, the agency must give the employee the same ratings on restoration that he would have received in the absence of the removal. *Id.* at 395-96. While the duty to restore an employee to the status quo ante does not protect an employee from the consequences of performance deficiencies that occur after the employee's restoration, or from the consequences of any prior deficiencies that were unrelated to the removal, the employee may not be evaluated based on the charges and allegations set forth in the rescinded action. *See id.* at 396; *see also Manley v. Department of the Air Force*, 75 M.S.P.R. 103, 106 (1997) (interpreting *Normoyle* to require that the agency remove from the appellant's appraisal all references to the unsustained action, charges, and allegations).

Here, the appellant challenges the language in the narrative of his 2017 performance appraisal, specifically:

> During the period of performance for Mr. Mathew, the Shreveport VAMC met its critical elements successfully; however, under

> Mr. Mathew's leadership serious allegations regarding his leadership were raised, investigated, and substantiated. Additionally, there were external reviews from the [Office of Inspector General], [Emergency Operations Center] and [Federal Drug Administration] where significant deficiencies were found that were a result of a failure of leadership. Mr. Mathew was detailed from his position effective February 1, 2017, as a change in direction was needed in Shreveport for the facility to move forward and to improve the culture of psychological safety within the medical center. Mr. Mathew's rating reflects the overall rating of the Shreveport facility which was a level 4 or excellent.

PFR File, Tab 1 at 14-17, Tab 3 at 20. We agree with the appellant that this narrative rating is not only incongruous with his overall rating of "excellent," but also impermissibly references the allegations underlying the removal action. PFR File, Tab 1 at 14-18. First, the comments that there were "serious allegations" regarding the appellant's leadership, that were substantiated by external entities which found "significant deficiencies" as a result of "a failure of leadership," clearly references the events underlying the agency's charge of failure to provide effective oversight in the removal action. *Compare* PFR File, Tab 3 at 20, *with* IAF, Tab 7 at 101-05. Similarly, the comments regarding the basis for the appellant's detail, i.e., to allow "the facility to move forward and improve the culture of psychological safety," clearly references the events underlying the charge of conduct unbecoming a VA senior leader. *Compare* PFR File, Tab 3 at 20, *with* IAF, Tab 7 at 100-101.

As explained earlier, in order to restore an appellant to the status quo ante, an agency must remove from the appellant's appraisals all references to an unsustained action, charges, or allegations. *Manley*, 75 M.S.P.R. at 106. Because the appellant's appraisal still contains references to the underlying allegations of the cancelled removal action, the agency has not restored the appellant to the status quo ante. *See Manley v. Department of the Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996) ("The agency's refusal to adjust the performance evaluation to

remove adverse appraisals that had been based on allegations not sustained by the Board is inimical to a return to the status quo ante.").

There is no basis to disturb the remaining findings in the initial decision.

We do not find the appellant's other arguments on review to be persuasive. First, the appellant renews his argument that the agency official's statements to a reporter constituted a hostile work environment, which supported his motion for a protective order and precluded dismissal of the appeal as moot. PFR File, Tab 1 at 20-30. We agree with the administrative judge that the appellant failed to establish that the statements rose to the level of hostile work environment. ID at 5-6. Furthermore, the Board may grant a protective order if it is necessary to protect a witness or individual from "harassment." *See* 5 C.F.R. § 1201.55(d); *see also* 5 U.S.C. § 1204(e)(1)(B). Because the appellant failed to show that he suffered harassment because of his Board appeal, we also agree with the administrative judge's denial of the appellant's request for a protective order. Protective Order File, Tab 15; *see In re Uriarte*, 93 M.S.P.R. 183, ¶ 8 (2002) (holding that, in order to show that he is entitled to a protective order, the movant must show that he has suffered harassment because of his involvement or potential involvement in the Board appeal).[3]

The appellant also reiterates that the cancellation of the removal action warranted the rescission of the July 2016 letter of reprimand because the agency relied on it in its penalty analysis when effecting the removal. PFR File, Tab 1 at 18-20; *see* IAF, Tab 7 at 33-37. The Board has held that, in rescinding an adverse action, nothing requires an agency to expunge records of prior disciplinary actions upon which the agency relied in effecting the action appealed because those actions are not properly before the Board. *Rojas v. U.S. Postal Service*, 70 M.S.P.R. 400, 404 (1996), *overruled on other grounds by Fernandez*

---

[3] We certainly do not condone the agency's statements about the appellant, and it may be that, under different circumstances, an appellant may well be able to show that similar public remarks contribute to a finding of harassment.

*v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 n.1 (2007). Accordingly, the administrative judge properly concluded that the agency was not required to rescind the past discipline relied upon in effecting the rescinded adverse action. ID at 6-7.

Finally, the appellant renews his argument that the agency failed to reassign him to a substantially equivalent position, challenging, specifically, the agency's decision to detail him to a set of unclassified duties with no fixed support staff or supervisory chain of command commensurate with that of his former position. PFR File, Tab 1 at 7-14. In response, the agency asserted that this issue was moot because the detail has ended, PFR File, Tab 3 at 8, and the appellant conceded that point, and did not dispute that he is now performing the duties of the permanent position to which he was reinstated, PFR File, Tab 4 at 4. Accordingly, there appears to be no remedy the Board can award the appellant regarding this issue, and we conclude that the matter of the reinstatement of the appellant to a permanent position is moot. *See Dalton v. Department of Justice*, 66 M.S.P.R. 429, 434 (1995) (finding that, when the appellant's placement in a home duty status had ended, and there was no loss of pay or benefits to the appellant, the matter of the agency's compliance with the administrative judge's order in the removal decision was moot because there was no remedy the Board could award the appellant).

In conclusion, as discussed above, the agency did not return the appellant to the status quo ante because his 2017 performance appraisal still contained references to the underlying basis of the removal action. Therefore, this appeal is not moot, and we remand it for adjudication on the merits. *See Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007) (finding that, if an appeal is not truly moot, even though the action underlying the appeal was cancelled, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits).

**ORDER**

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.