# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATASHA S. LEMAITRE,

      Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,

      Agency.

DOCKET NUMBER
NY-752S-20-0250-I-1

DATE: August 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Natasha S. LeMaitre</u>, Brooklyn, New York, pro se.

<u>Michelle L. Perry</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her 4-day suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency suspended the appellant, a Management and Program Analyst, for 4 days based on a charge of failure to follow supervisory instructions.  Initial Appeal File (IAF), Tab 1 at 37-40.  The appellant filed this appeal of her suspension to the Board, identifying herself as preference eligible and alleging reprisal.  *Id.* at 1-3, 5.  She requested a hearing on the matter.[2]  *Id.* at 2.

The administrative judge informed the appellant that the Board generally lacks chapter 75 jurisdiction over appeals involving suspensions of 14 days or less.  IAF, Tab 6.  She explained, however, that the Board might have jurisdiction

---

[2] The appellant filed a prior appeal challenging her demotion from the position of Management and Program Analyst, GS-12, to the GS-11 level, which the administrative judge dismissed as settled.  *LeMaitre v. Department of Homeland Security*, MSPB Docket No. NY-0752-20-0237-I-1, Initial Decision at 1-2 (Apr. 26, 2021).  The settlement agreement did not resolve or preclude the instant appeal.  *LeMaitre v. Department of Homeland Security*, MSPB Docket No. NY-0752-20-0237-I-1, Initial Appeal File, Tab 35.  Further, neither party petitioned for review from the decision dismissing that appeal, and it is now the final decision of the Board.  *See* 5 C.F.R. § 1201.113 (reflecting that an initial decision generally becomes the Board's final decision 35 days after it is issued absent a petition for review).  The appellant's prior appeal is not relevant to the issues raised in the instant appeal.

if the appellant was raising her suspension in conjunction with a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal or an individual right of action (IRA) appeal, and she ordered the appellant to file evidence and argument regarding jurisdiction. *Id.* In response to this order, the appellant repeated that the agency suspended her in reprisal for unidentified activities, possibly including filing an equal employment opportunity (EEO) or Office of Inspector General (OIG) complaint. IAF, Tab 1 at 5, Tab 9 at 3. She stated that she was appealing the reprisal, not her suspension or "the number of days [she] was suspended." IAF, Tab 9 at 3. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that it did not fall within any recognized exception to the general rule that the Board lacks jurisdiction over a 4-day suspension. IAF, Tab 10, Initial Decision (ID) at 1, 3-4.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition. PFR File, Tab 3.[3]

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the appellant failed to make a nonfrivolous allegation of chapter 75 or USERRA jurisdiction.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A suspension of more than

---

[3] The appellant has also filed a motion for leave to file an additional pleading alleging that after the record closed on review the agency "purposely entered" into her electronic Official Personnel File two Standard Forms 50 (SF-50s) reflecting her suspension. PFR File, Tab 4 at 4. However, this allegation does not change the outcome in this case. Once the record on review closes, the Board will not accept additional evidence or argument absent a showing that it was new, material, and not readily available before the record closed. 5 C.F.R. § 1201.114(k). The SF-50s are not material evidence because they would not warrant an outcome different from that of the initial decision. *See Le v. U.S. Postal Service*, 114 M.S.P.R. 430, ¶ 6 (2010). Specifically, they do not establish Board jurisdiction over the appellant's 4-day suspension. We, therefore, deny the appellant's motion.

14 days is within the Board's chapter 75 jurisdiction, but a suspension of 14 days or less is not an appealable adverse action. 5 U.S.C. §§ 7512(2), 7513(d); *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010); *McClure v. U.S. Postal Service*, 83 M.S.P.R. 605, ¶¶ 4, 6 (1999). The appellant does not claim that the administrative judge erred in determining that her 4-day suspension was not an appealable adverse action under chapter 75. PFR File, Tab 1 at 4; ID at 3. She also does not dispute the administrative judge's finding that she did not allege that her suspension was due to her uniformed service, and thus she is not raising a claim under USERRA. ID at 2-3; PFR File, Tab 1 at 4-5. Accordingly, we discern no basis to disrupt these findings.

For the first time on review, the appellant raises a claim that the agency wrote false statements on her performance appraisal and that her supervisor signed it for her without her knowledge.[4] PFR File, Tab 1 at 5. The Board does not have authority to adjudicate a performance evaluation "unaccompanied by an otherwise appealable adverse action." *See* 5 U.S.C. § 7512; *Manley v. Department of the Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996); *see* 5 C.F.R. § 1201.3(a) (providing examples of matters within the Board's appellant jurisdiction). Thus, the Board lacks jurisdiction over this claim.

The administrative judge properly found that the Board lacks jurisdiction over the matter as an IRA appeal.

The appellant reasserts on review that her appeal is "due to the reprisal and not necessarily about the suspension or length of time [she] was suspended." PFR File, Tab 1 at 4. She reiterates her claim that her suspension was in reprisal for making an OIG complaint against her leadership. *Id.* at 4-5; IAF, Tab 1 at 3, 5. The administrative judge found that the Board lacks jurisdiction as an IRA

---

[4] We have considered the appellant's new argument to the extent it concerns the issue of the Board's jurisdiction because jurisdiction can be raised at any time. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016) (considering evidence submitted for the first time on review because it was relevant to the Board's jurisdiction).

appeal because the appellant failed to seek corrective action from OSC regarding any reprisal claims. ID at 3-4. We agree.

To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Here, the appellant asserts that the agency issued the suspension decision a few days after she filed an OIG complaint. PFR File, Tab 1 at 4. However, she has not asserted any error in the administrative judge's factual finding that she did not seek correction with OSC. ID at 3-4; *see Salerno*, 123 M.S.P.R. 230, ¶ 5. This finding is supported by the appellant's initial appeal form, on which she answered "no" to the question of whether she filed a whistleblower reprisal complaint with OSC. IAF, Tab 1 at 4. Thus, we discern no basis to disrupt the administrative judge's finding that, in essence, the Board lacks IRA jurisdiction over this appeal because the appellant failed to show she exhausted her administrative remedies as required. ID at 3-4.

The appellant also reasserts claims of retaliation for filing internal complaints of harassment and EEO complaints with the agency. PFR File, Tab 1 at 4. She also appears to claim reprisal for grievance activity. *Id.* However, the Board does not have jurisdiction over her claims of harmful error, prohibited personnel practices, or discrimination absent an otherwise appealable action. *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error, prohibited personnel practices, and discrimination); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that

prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

<u>The Board lacks jurisdiction over the agency's record keeping related to the appellant's 4-day suspension.</u>

For the first time on review, the appellant argues that the agency fraudulently processed her suspension and alleges other errors related to her electronic Official Personnel File (eOPF).  PFR File, Tab 1 at 4-5.  In particular, she alleges that the agency did not add the suspension action to her eOPF but "instructed [her] to enter the suspension days on to [her] timecard."  *Id.* She further asserts that her eOPF shows that the agency gave her an award; however, she contends that she did not receive it, asserting "[she] mentioned to [an agency official] that the entire region was given awards except for [her] and [she] was going to add that to [her] EEO complaint."  *Id.* at 5.

Because the Board lacks jurisdiction over the appellant's 4-day suspension or the denial of an award, it also lacks jurisdiction over the appellant's claims regarding her eOPF.  *See Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 40 (2010) (finding the Board does not have jurisdiction to adjudicate Privacy Act related claims, unless the Act is implicated in matters over which the Board has jurisdiction); *Clark v. Department of the Air Force*, 111 M.S.P.R. 477, ¶ 9 (2009) (finding that the Board generally does not have jurisdiction over an appeal of a denial of a performance related award, but recognizing an exception to this rule, i.e., that it has authority to determine an appellant's entitlement to such an award as part of status quo ante relief); *see also* 5 U.S.C. § 552a(d)(2) (containing the provision in the Privacy Act requiring agencies to consider an individual's request to correct a Privacy Act record).  The documents the appellant provides for the first time on review in support of these claims, specifically, the screen captures of her eOPF and emails she exchanged with agency officials regarding how to code her suspension on her timecard, are immaterial to the issue of

whether the Board has jurisdiction over this appeal.[5] *Id.* at 6-11. Thus, the appellant new evidence and arguments provide no basis to disturb the initial decision. *See Luna v. Office of Personnel Management*, 89 M.S.P.R. 465, ¶ 7 (2001) (declining to grant review based on arguments and documentary submissions that did not address the dispositive jurisdictional issue in the appeal).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Some of these documents the appellant included with her petition for review are in the record below and thus provide no basis to disturb the initial decision. PFR File, Tab 1 at 12-55; IAF Tab 1 at 7-35, 42-54; *see Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 4 (2013) (observing that the Board will grant a petition for review based on new and material evidence under certain circumstances, but that evidence that is already a part of the record is not new).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.